UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2011 FEB 25 PM 3: 55
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MICHAEL ALTIZER,
    Plaintiff,

Case No. 6:11-CV-306-ORL-31-GJK

vs.

CLIENT SERVICES INC.,
    a Missouri corporation,

and

JOHN and JANE DOES I - IV,
    Defendant(s)

## COMPLAINT
(Jury Trial Demand)

### INTRODUCTION

1. This is an action for damages brought by an individual consumer, MICHAEL ALTIZER, (hereinafter "MICHAEL ALTIZER" or "Consumer"), for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. This action arises from CLIENT SERVICES, INC 's (hereinafter, "CLIENT SERVICES") communications (i.e., message) to Plaintiff which violated : (1) § 1692e(11) because Defendant failed to disclose that it is a debt collector; and (2) § 1692d(6) because Defendant failed to meaningfully disclose its identity. Consumer seeks an award of statutory damages (in the maximum amount of $ 1,000 *per action*), reasonable attorney's fees and costs jointly and severally against each of the Defendants.

2. The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, states: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. " 15 U.S.C. § 1692(a). "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## I. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the conduct complained of because, at all times relevant, Plaintiff resided in this District (i.e., in Seminole County, Florida) and the Defendants transact business here.

## II. PARTIES

### MICHAEL ALTIZER

5. Plaintiff, MICHAEL ALTIZER (hereinafter, "MICHAEL ALTIZER"), is a natural person who, at all times relevant, resided in Seminole County, Florida.

### CLIENT SERVICES, INC.

6. Defendant, CLIENT SERVICES, INC. (hereinafter "CLIENT SERVICES") is a Missouri corporation whose principal place of business is 3451 Harry S. Truman Boulevard in St. Charles, MO (63301).

7. Defendant, CLIENT SERVICES' registered agent in the State of Florida is National Corporate Research, Ltd., Inc. whose offices are located as 515 East Park Avenue in Tallahasse, FL (32301). The purpose of CLIENT SERVICES' business conducted in Florida is "debt collection".

8. Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. The identity of these persons is known to Defendant CLIENT SERVICES but is not presently known to Plaintiff. These defendants are hereinafter referred to as Defendants JOHN and JANE DOE I through DOE IV. (Defendants CLIENT SERVICES and JOHN and JANE DOES I - IV are hereinafter collectively referred to as the "Defendants").

9. Defendant CLIENT SERVICES and JOHN and JANE DOES I - IV are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

10. Defendant CLIENT SERVICES is licensed as a "consumer collection agency" in the State of Florida by the Florida Office of Financial Regulation.

11. The principal purpose of the Defendant CLIENT SERVICES is the collection of debts using the mails and telephone.

12. Defendant CLIENT SERVICES regularly attempts to collect debts alleged to be due to another.

13. Defendants were acting as debt collectors with respect to the collection of the Alleged Account.

3

14. All acts of the individual (DOE) defendants described below were committed with the intent to collect the Alleged Account on behalf of defendant CLIENT SERVICES.

### MICHAEL ALTIZER

15. At all times material hereto, MICHAEL ALTIZER was a "consumer" as this term is defined under 15 U.S.C. § 1692a(3).

### III FACTUAL ALLEGATIONS

16. At all times material hereto, Citibank was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

17. At all times material hereto, the credit card account (the "Alleged Account") was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

18. The Alleged Account went into default before Defendant acquired any interest in the Account.

19. At some unknown time in the past, CLIENT SERVICES directly or indirectly contracted with Citibank (or its successors in interest) for the purpose of collecting the afore described consumer debt.

20. As more particularly described below, commencing on or about November 16, 2010, CLIENT SERVICES through its agents, employees, and/or representatives began a pattern of conduct reasonably calculated to harass, threaten, deceive, or coerce MICHAEL ALTIZER into paying the Account.

21. On or about November 16, 2010, Defendants CLIENT SERVICES and JOHN DOE IV called MICHAEL ALTIZER's former place of employment and spoke with MICHAEL ALTIZER's former co-worker. JOHN DOE IV identified himself as "John

Morgan", said that he was a friend of MICHAEL ALTIZER, explained that he was trying to get in touch with Mr. Altizer. JOHN DOE IV a/k/a "John Morgan" left a message with MICHAEL ALTIZER's former co-worker for MICHAEL ALTIZER to call Defendant CLIENT SERVICES at (800) 521-3236. MICHAEL ALTIZER received Defendant's message. (This message along with any similar or identical messages placed to other telephone numbers including Plaintiff's are hereinafter collectively referred to as the "telephone message".)

22. The message is a "communications" as defined by 15 U.S.C. § 1692a(2). See *Berg v. Mlerchs. Ass'n Colection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXI 94023 (S.D. Fla. Oct. 31, 2008).

23. Defendant failed to inform Plaintiff in the message that the communication was from a debt collector and failed to disclose the purpose of Defendant's message and/or failed to disclose Defendant's name.

24. All communications, including all of the communications by Defendant JOHN DOE IV were made on behalf of Defendant CLIENT SERVICES.

25. All of Defendant CLIENT SERVICES' collection actions at issue in this matter occurred within one year of the date of this Complaint.

26. The statements made by Defendant CLIENT SERVICES and JOHN DOE IV are to be interpreted under the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

27. Plaintiff MICHAEL ALTIZER has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

5

### IV. <u>COUNT I</u>
### <u>FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR</u>
### (Fair Debt Collections Practices Act)

28. Plaintiff MICHAEL ALTIZER repeats and re-alleges and incorporates by reference paragraphs 1 through 27 above.

29. Defendants failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F.Supp.2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff MICHAEL ALTIZER requests that the Court enter judgment in favor of Plaintiff MICHAEL ALTIZER and jointly and severally against Defendants CLIENT SERVICES, INC. a Missouri corporation and JOHN and JANE DOES I through IV for :

    A.   Statutory damages (in the amount of $ 1,000) pursuant to 15 U.S.C. § 1692k;

    B.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    C.   Such other or further relief as the Court deems proper.

### V. <u>COUNT II</u>
### <u>FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY</u>
### (Fair Debt Collection Practices Act)

30. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs 1 - 27.

31. Defendant's message for Plaintiff to call Defendant failed to meaningful disclosure its identity when it failed to disclose its name and the purpose of Defendant's communication in

the telephone messages in violation of 15 U.S.C. § 1692d(6). See *Valencia v. The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U.S. Dist. LEXIS 73008 (S.D. Fla., Sept. 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F.Supp.2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff MICHAEL ALTIZER requests that the Court enter judgment in favor of Plaintiff MICHAEL ALTIZER and jointly and severally against Defendants CLIENT SERVICES, INC., a Missouri corporation, and JOHN and JANE DOES I through IV for :

    A.   Statutory damages (in the amount of $ 1,000) pursuant to 15 U.S.C. § 1692k;

    B.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    C.   Such other or further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial b jury* on all issues so triable in this action.

Dated : FEBRUARY 24, 2011.

DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post   Office   Box   1948
Orlando,  FL   32802-1948
Voice :      (407) 648-9050
Facsimile : N/A
E.C.F. (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
F.B.N.            0776238
Attorney for the Plaintiff